<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 14a0741n.06

Case No. 12-6634

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 23, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| LIBERTY LEGAL FOUNDATION, et al., ) | |
| ) | |
| Plaintiffs-Appellants, ) | |
| ) | ON APPEAL FROM THE |
| v. ) | UNITED STATES DISTRICT |
| ) | COURT FOR THE WESTERN |
| NATIONAL DEMOCRATIC PARTY, et al., ) | DISTRICT OF TENNESSEE |
| ) | |
| Defendants-Appellees. ) | |
| ) | |
| ) | **O P I N I O N** |

**BEFORE: BOGGS and McKEAGUE, Circuit Judges; and STAFFORD, District Judge.**[*]

**McKEAGUE, Circuit Judge.** This case arises from the entry of sanctions under 28 U.S.C. § 1927 against Plaintiffs. The district court granted the Defendants'[1] motion for sanctions, finding that Plaintiffs[2] brought a frivolous suit, which accused Defendants of misrepresenting Barack Obama's qualifications to be President of the United States. For the reasons set forth below, we **AFFIRM**.

---

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.
[1] "Defendants" include the National Democratic Party of the USA, Inc., Democratic National Committee, Debbie Wasserman Schultz, and Chip Forrester.
[2] "Plaintiffs" include Liberty Legal Foundation, John Dummett, Leonard Volodarsky, and Creg Maroney.

Case No. 12-6634
*Liberty Legal, et al. v. National Democratic Party, et al.*

Plaintiffs filed a Complaint alleging that Defendants had negligently or fraudulently misrepresented President Obama as qualified to be President of the United States. According to Plaintiffs, this representation was false because President Obama did not satisfy the "natural-born citizen" requirement contained in Article II, Section 1 of the United States Constitution. Defendants filed a motion to dismiss and motion for sanctions. Defendants asserted that all Plaintiffs lacked standing to pursue their claims, and in the alternative, that Plaintiffs failed to state a claim upon which relief could be granted. The district court granted the motion to dismiss, holding that Plaintiffs had failed to plead the elements of standing with specificity and that the Plaintiffs lacked standing. The district court also denied Plaintiffs' motion to amend their Complaint, finding that the motion to amend was seeking solely to add a new tort theory and not to amend the factual allegations to establish standing.

Following the grant of Defendants' motion to dismiss, the district court also granted in part and denied in part Defendants' motion for sanctions, finding that counsel for Plaintiffs knew or reasonably should have known that the claims in this case had no basis in law. R. 32, Order Grant. Sanctions at 8, PageID # 496. The district court further found that the allegations of standing for all Plaintiffs were without merit. *Id.* Accordingly, the district court granted sanctions under 28 U.S.C. § 1927 in the form of reasonable attorney fees related to the preparation and briefing of the motion to dismiss in which Defendants raised the issue of standing. *Id.* at 13, PageID # 501. The district court did not award any sanctions under Federal Rule of Civil Procedure Rule 11, because the district court found that Defendants had failed to comply with the formal requirements of Rule 11's safe harbor provision. *Id.* at 12, PageID # 500.

Plaintiffs appeal the grant of sanctions pursuant to 28 U.S.C. § 1927, alleging that the district court erred in finding that Plaintiffs do not have standing. Plaintiffs similarly appeal the

Case No. 12-6634
*Liberty Legal, et al. v. National Democratic Party, et al.*

denial of Plaintiffs' motion for reconsideration and motion to amend. Plaintiffs further claim that the district court erred in not ordering a hearing prior to the grant of sanctions. Plaintiffs have not provided a single case to support their contention that a hearing was required prior to the issuance of sanctions. Furthermore, the Sixth Circuit has held that when seeking to impose sanctions, a full evidentiary hearing is not required. *Cook v. Am. S.S. Co.*, 134 F.3d 771, 774 (6th Cir. 1988).

After carefully reviewing the district court opinions, the briefs, and the record in this case, we conclude that the district court did not err in granting in part and denying in part Defendants' motion for sanctions, and denying Plaintiffs' motion to amend and motion for reconsideration. We also conclude that the district court did not err in denying Plaintiffs a hearing prior to the entry of sanctions. As the district court correctly set out the applicable law and correctly applied that law to the case, issuance of a full written opinion by this Court would serve no jurisprudential purpose.

Accordingly, for the reasons stated in the district court's well-reasoned opinions, we **AFFIRM**.